UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD PALOMBO,

                Petitioner,

                                                      Case Number 11-14927
v.                                                Honorable David M. Lawson

SHANE JACKSON,

                Respondent.

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE PETITION FOR WRIT OF
HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE**

On November 8, 2011, the petitioner, Richard Palombo, presently confined at the Brooks

Correctional Facility, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C.

§ 2254. On October 16, 2015, he filed a motion to stay and hold the petition in abeyance, so that

he might return to state court to exhaust additional claims. The Court finds that the request is lawful

and will grant the motion.

I.

The petitioner was convicted of first-degree murder and conspiracy to commit murder, Mich.

Comp. Laws § 750.316; Mich. Comp. Laws § 750.157(A), after a jury trial in the Wayne County,

Michigan circuit court. On October 25, 1972, he was sentenced to life in prison without the

possibility of parole. The Michigan Court of Appeals affirmed the petitioner's conviction and the

Michigan Supreme Court denied leave to appeal. At some point in 1990, the petitioner filed a

motion for relief from judgment and filed a complaint for superintending control seeking to compel

a hearing on the motion. The Michigan Court of Appeals issued an order of superintending control

and remanded to the trial court for an evidentiary hearing. On December 6, 1991, the petitioner's

motion for relief from judgment was granted.  However, on May 6, 1992, the Michigan Court of Appeals reversed the trial court and reinstated the petitioner's conviction.  The Michigan Supreme Court rejected the petitioner's delayed application for leave to appeal.  In 1993, the petitioner filed a second motion for relief from judgment, which was summarily denied, as was his application for leave to appeal to the Michigan Court of Appeals.  On July 31, 1995, the petitioner filed a third motion for relief from judgment, raising ten issues.  On May 22, 1996, the trial court once again reversed the petitioner's conviction and granted him a new trial, but only resolved three of the ten issues raised by the petitioner.  Notably, the trial court did not resolve the petitioner's ineffective assistance of appellate counsel claim.  The Michigan Court of Appeals again reversed and reinstated the petitioner's sentence on October 15, 1996.  The prosecutor eventually responded to the other issues raised in the petitioner's third motion for relief from judgment, but no action was taken on the case for the next 11 years.  On October 24, 2008, the trial court issued a ruling finding that the petitioner deserved a new trial because trial counsel failed to request a cautionary instruction regarding accomplice testimony.  The prosecution did not receive notice of this order; therefore, the successor trial judge re-issued the order on April 26, 2010.  On August 30, 2010, the Michigan Court of Appeals again reversed the trial court and the Michigan Supreme Court denied the application for leave to appeal on April 25, 2011.

The petitioner filed his present petition on November 8, 2011 challenging his conviction on the grounds that: (1) the prosecutor committed misconduct by presenting perjured testimony; and (2) trial counsel was ineffective by failing to request that the jury be given a cautionary instruction on accomplice testimony.

The petitioner now asks that the Court hold his petition in abeyance so that he can return to state court to exhaust a new ineffective assistance of trial counsel claim and the claim that the appellate counsel was ineffective by failing to raise the ineffective assistance of counsel claim and six other claims on appeal.

## II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity."  *Id*. at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay."  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition.  *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies).  The court of appeals recently reiterated this point:

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition."  [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions."  *Id*.; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the

-4-

unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

*Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The statute of limitations under 28 U.S.C. § 2244(d)(1) should give the petitioner cause for concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal the judgment of the Court of Appeals on April 25, 2011 and the petitioner had until July 24, 2011 to seek a writ of certiorari in the Supreme Court. "AEDPA's one-year limitations period generally begins to run on the date that the state court judgment is deemed to have become final 'by the conclusion of direct review or the expiration of the time for seeking such review.'" *Johnson v.*

*Rapelje*, 542 F. App'x 453, 454 (6th Cir. 2013) (quoting 28 U.S.C. § 2244(d)(1)(A)).  "The conclusion of 'direct review' occurs upon the denial of certiorari in the United States Supreme Court or 90 days after a final judgment of the highest state court, when the period for seeking a writ of certiorari in the United States Supreme Court elapses."  *Ibid.* (citing *Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 1282 (2011)).  The petitioner filed the present petition on November 8, 2011, and it is unclear the procedural posture of his state court claims.  At best, once the state trial court resolves his motion, the petitioner has 168 days from the date of the state trial court's decision to appeal the trial court's ruling.  Mich. Ct. R. 6.509(A), 7.205(A)(1).  If the Court does not toll the limitations period during the pendency of the state court proceedings, then the applicable one-year limitations period likely will have expired and any subsequent habeas petition filed by him would be untimely, by the time that the state courts resolve any appeal from the trial court's denial of his most recent motion for relief from judgment.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims.  It appears that the petitioner's two other claims raised in the petition have been exhausted, but the other claims that he describes in his motion to stay have not.  The petitioner's claim does not appear to be "plainly meritless," *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009), and he may assert that he did not previously raise this claim in the state courts because the claim of alleged ineffective assistance of appellate counsel occurred on appeal.  *Id.*, at 419, n.4 & 5.  It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a

petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, this Court will impose upon the petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).  The petitioner must ask this Court to lift the stay within twenty-eight days of exhausting his state court remedies.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to hold the petition in abeyance [dkt. #17] is **GRANTED**.

It is further **ORDERED** that the petitioner must file promptly in the state court his motion for post-conviction relief, if he has not done so already.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings.  If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **fifty-six (56) days** thereafter.  If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court shall **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  November 10, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 10, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI